**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| AARON EDWARD PETTIJOHN, ) | |
| Petitioner, ) | |
| v.  ) | CIV 06-00948 PCT NVW (MEA) |
| DORA SCHRIRO and ) | |
| ARIZONA ATTORNEY GENERAL, ) | REPORT AND RECOMMENDATION |
| Respondents. ) | |

**TO THE HONORABLE NEIL V. WAKE:**

On May 16, 2006, Petitioner filed a *pro se* petition seeking a writ of habeas corpus pursuant to 42 U.S.C. § 2254, challenging his criminal conviction by an Arizona state court. Respondents filed an Answer to Petition for Writ of Habeas Corpus ("Answer") on November 22, 2006. Docket No. 15. Respondents assert that the action for habeas relief was not timely filed and, therefore, that the petition must be denied and dismissed with prejudice. On December 6, 2006, Petitioner filed a traverse to the answer to his petition for federal habeas relief. See Docket No. 16.

**I Procedural History**

On February 1, 2001, Petitioner was charged with first-degree murder by the State of Arizona. Answer, Exh. A. On May

22, 2002, Petitioner entered into a plea agreement providing he would plead guilty to second-degree murder and receive a sentence of 10 to 22 years imprisonment for this crime. Id., Exh. B. The plea agreement noted the minimum sentence of 10 years, the presumptive sentence of 16 years, and a maximum sentence of 22 years. Id., Exh. B. Petitioner was represented by counsel during his plea negotiations and at his change of plea hearing. Id., Exh. B & Exh. C. At a hearing conducted May 22, 2002, the Arizona trial court concluded Petitioner understood the rights he was waiving by entering into a plea agreement, concluded the plea agreement and plea were knowingly and voluntarily made, and entered Petitioner's plea of guilty. Id., Exh. C. On June 25, 2002, after a hearing at which Petitioner and his counsel were heard, Petitioner was sentenced to a term of 22 years imprisonment pursuant to his conviction on the charge of second-degree murder. Id., Exh. D & Exh. E. The Superior Court found the aggravating circumstance of emotional and financial harm to the victim's family and the mitigating circumstances of Petitioner's "mental health issue" and Petitioner's remorse. Id., Exh. D.

Petitioner filed an action for post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure, on August 23, 2004, asserting he was entitled to relief from his sentence pursuant to the United States Supreme Court's holding in Blakely v. Washington, 542 U.S. 296, 124 s. Ct. 2531 (2004). Petitioner argued to the Arizona state courts that Blakely constituted a significant change in the law pursuant to Rule

32.1(g), Arizona Rules of Criminal Procedure, which permits the otherwise-untimely filing of an action for post-conviction relief if the petition is based on a significant change in the law. Id., Exh. F. Petitioner asserted: "this Court's imposition of the sentence for use, possession of a deadly weapon or dangerous instrument as an aggravating factor was illegal." Id., Exh. F.

The petition for post-conviction relief was summarily denied on August 26, 2004. Id., Exh. G ("The Court did not find any aggravating factors regarding the use of a gun, therefore, IT IS ORDERED summarily denying the Defendant's Petition for Post-Conviction Relief."). Petitioner sought review of this decision by the Arizona Court of Appeals, which denied review on August 2, 2005. Id., Exh. I. The Arizona Supreme Court denied review of the petition on March 9, 2006. Id., Exh. K.

Petitioner asserts he is entitled to federal habeas relief pursuant to the holding in Blakely because the trial judge determined facts which increased his sentence, rather than a jury.

**II Analysis**

**A. Relevant statute of limitations**

The Petition for Writ of Habeas Corpus is barred by the applicable statute of limitations, 28 U.S.C. § 2244(d), the statute of limitations provision of the Antiterrorism and Effective Death Penalty Act ("AEDPA").

Because Petitioner pled guilty, pursuant to Arizona law he had no right to a direct appeal and his conviction arguably

-3-

became "final" for the purpose of federal habeas relief on the date judgment was entered and he was sentenced by the state trial court, i.e., June 25, 2002. See <u>Montgomery v. Sheldon</u>, 181 Ariz. 256, 258 (1995); <u>Isley v. Arizona Dep't of Corr.</u>, 383 F.3d 1054, 1056 (9th Cir. 2004). Cf. <u>Hernandez-Almanza v. United States Dep't of Justice, INS</u>, 547 F.2d 100, 103 (9th Cir. 1976) (holding, for purposes of immigration proceeding, that a criminal conviction was final when the defendant entered a guilty plea and waived direct appeal). Therefore, Petitioner's conviction became final after the effective date of the AEDPA and is subject to its one-year statute of limitations.

The AEDPA requires state prisoners to file any petition for federal habeas corpus relief within one year of the date that their state court conviction becomes "final." See 28 U.S.C. § 2244(d)(1)(A) (1994 & Supp. 2006) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

This section provides:

> The limitation period shall run from the latest of--
> (A) *the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) *the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been*

-4-

>  *newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or*
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(emphasis added).

The running of this one-year statute of limitations is tolled during any period when "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in any state court. See id. § 2244(d)(2); see also Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1286-87 (9th Cir. 1997), overruled on other grounds by Calderon v. Kelly, 163 F.3d 530 (9th Cir. 1998) (en banc).

> Section 2244(d)(2) provides for tolling during the time a "properly filed" state court petition is pending. "Properly filed" means the petition's "delivery and acceptance are in compliance with the applicable laws and rules governing filings" in that state. In Pace v. DiGuglielmo, the United States Supreme Court held that "[w]hen a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)."

Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005).

Respondents argue the petition is not timely filed because Petitioner did not file his habeas action within one year of the date his conviction became final, absent any tolling of the limitations period during the pendency of Petitioner's first state action for post-conviction relief.

Petitioner's conviction became final, for purposes of the AEDPA's statute of limitations, on June 25, 2002.

-5-

Therefore, Petitioner had until June 26, 2003, to file his habeas petition, absent any statutory or equitable tolling of the statute of limitations.

Petitioner did not have any state action for post-conviction relief pending between June 25, 2002, and June 26, 2003. Petitioner did file a state action for post-conviction relief on August 23, 2004, more than a year after the time for filing his habeas petition expired. However, this action for post-conviction relief could not and did not restart the already-expired statute of limitations for filing Petitioner's federal habeas action. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003), citing Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001); Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000).

Neither does Blakely provide for an alternative date for beginning the statute of limitations regarding Petitioner's habeas action. Section 2244 provides the statute of limitations regarding a federal habeas claim may begin to run on the "date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(1994 & Supp. 2006). This section is not applicable to Petitioner's Blakely claim because Petitioner's conviction was final prior to the time the Supreme Court issued Blakely and the United States Supreme Court has not made Blakely retroactive to cases on collateral review. See Schardt v. Payne, 414 F.3d

1025, 1038 (9th Cir. 2005), <u>petition</u> <u>for</u> <u>cert.</u> <u>filed</u>, No. 05-9237 (Nov. 10, 2005). <u>See</u> <u>also</u> <u>Tyler v. Cain</u>, 533 U.S. 656, 662, 121 S. Ct. 2478, 2482 (2001) (holding that a new rule is "made retroactive to cases on collateral review" only if the Supreme Court holds it to be retroactively applicable to cases on collateral review).

Because Petitioner did not file his federal habeas action within the period specified by the AEDPA, his petition for habeas relief may only considered if the AEDPA's time limitation may be "equitably" tolled in his case. <u>See</u> <u>Allen v. Lewis</u>, 255 F.3d 798, 800 (9th Cir. 2001). The Ninth Circuit Court of Appeals has determined that equitable tolling of the filing deadline for a federal habeas petition is available only if extraordinary circumstances beyond the petitioner's control make it impossible to file a petition on time. <u>See</u> <u>Lott</u>, 304 F.3d at 922 (concluding the petitioner was entitled to tolling for time period that the petitioner was denied access to his legal files while being transferred); <u>Malcom v. Payne</u>, 281 F.3d 951, 962 (9th Cir. 2002). Additionally, equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim. <u>See</u> <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999). To be entitled to equitable tolling, a habeas petitioner "must show that the 'extraordinary circumstances' were the but-for and proximate causes of his untimeliness." <u>Spitsyn v. Moore</u>, 345 F.3d 796, 799 (9th Cir. 2003); <u>Allen v. Lewis</u>, 255 F.3d 798, 801 (9th Cir. 2001) (concluding "at the

very least, the prisoner must show that the 'extraordinary circumstances' were the but-for and proximate cause of his untimeliness").[1]

It is Petitioner's burden to establish that equitable tolling is warranted in his case. Gaston, 417 F.3d at 1034. "'[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002), quoting United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000).

A petitioner's *pro se* status, ignorance of the law, lack of representation during the applicable filing period, and temporary incapacity do not constitute extraordinary circumstances justifying equitable tolling. See, e.g., Fisher v. Johnson, 174 F.3d 710, 714-16 (5th Cir. 1999); Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004) (holding that petitioner's misunderstanding of state's "rules, statutes, and the time period set forth therein do not justify equitable tolling"). Additionally, at least one other federal court has concluded "the difficulties attendant on prison life, such as transfers between facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents do not by themselves qualify as extraordinary

---

[1] The Ninth Circuit Court of Appeals has not squarely addressed whether the United States Supreme Court's opinion in Pace "lowered" the standard for equitable tolling set in Spitsyn. See Espinoza-Matthews v. California, 432 F.3d 1021, 1026 n.5 (9th Cir. 2005). See also Astorga v. Terhune, 130 Fed. App. 181, 183 (9th Cir. 2005); Boudette v. Schriro, 2006 WL 664364, at *3 (D. Ariz.).

circumstances" warranting equitable tolling. <u>Corrigan v. Barbery</u>, 371 F. Supp. 2d 325, 330 (W.D.N.Y. 2005).

Petitioner contends his petition is timely filed because it was filed within one year of the decision in <u>Blakely</u>. Petitioner contends the rule stated in <u>Blakely</u> should be applied retroactively to his sentence. Petitioner also argues the Supreme Court's ruling in <u>Blakely</u> was compelled by the decision in <u>Apprendi v. New Jersey</u>, decided in 2000. Petitioner further implies the Court should refrain from deciding his habeas petition without considering the merits of the petition until the United States Supreme Court issues a decision in <u>Burton v. Waddington</u>, a case arising from the Ninth Circuit Court of Appeals, in which it is argued that <u>Blakely</u> should be applied retroactively.

As determined supra, <u>Blakely</u> does not provide for alternative date for the running of the one-year statute of limitations because this case is not retroactive to cases which became final prior to the date the decision was issued. Additionally, the United States Circuit Courts of Appeal have concluded the conclusion ultimately reached in <u>Blakely</u> was not compelled by the holding of <u>Apprendi</u>, and that defendants who pled guilty and were sentenced to terms of imprisonment within the statutory range are not entitled to collateral relief from their sentences. <u>See</u>, <u>e.g.</u>, <u>Allen v. Reed</u>, 427 F.3d 767, 773-

74 (10th Cir. 2005);[2] Brown v. Greiner, 409 F.3d 523, 533-34 (2d Cir. 2005) ("our appraisal of the reasonableness of the state court interpretations of Apprendi may not be influenced by the Supreme Court's subsequent elucidation in such cases as Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 [ ] (2004), and United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 [ ] (2005)."), cert. denied, 126 S. Ct. 1566 (2006).

### III Conclusion

Petitioner did not file his federal habeas action within the one-year period specified by the AEDPA and Petitioner has not established that he is entitled to equitable tolling of the statute of limitations regarding his federal habeas action. Therefore, the petition should be denied and dismissed.

**IT IS THEREFORE RECOMMENDED** that Mr. Pettijohn's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

---

[2]

> [U]nlike Apprendi, which concerned the imposition of a sentence beyond that provided for the offense by statute, based on a wholly separate fact or element that was not charged and not submitted to the jury, here, defendant received a sentence to which he was exposed by the original charge. Apprendi does not require the invalidation of the sentencing scheme adopted by the [Colorado] General Assembly, which creates a presumptive sentence range and permits the trial court, in its discretion, to sentence in aggravated or mitigated ranges based on unspecified extraordinary aggravating or mitigating factors or circumstances particularized to the defendant or the offense.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 12th day of December, 2006.

_____
Mark E. Aspey
United States Magistrate Judge